WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roland Cooke, | ) | No. CV-09-8152-PCT-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bruce Wisan; Wisan, Smith, Racker & Prescott, LLP, a Utah limited liability partnership, | ) | |
| Defendants. | ) | |

Pending before the Court are Defendants Bruce Wisan and Wisan, Smith, Racker & Prescott, LLP's (collectively "Defendants") Motion to Dismiss Amended Complaint (Doc. # 22), Plaintiff Roland Cooke's ("Plaintiff") Request for Summary Judgment (Doc. # 27) and Plaintiff's Final Petition for Summary Judgment (Doc. # 30), as amended (Doc. # 32). The Court now rules on the Motions.

**I. BACKGROUND**

This case arises from the administration of the United Effort Plan Trust created in 1942 (the "Trust"). (*See* Doc. # 22, Attach. B at 2). In 2005, due to concerns regarding the management of the Trust, the Utah Attorney General petitioned the Third Judicial District Court in Salt Lake County (the "Utah Court") for removal of the trustees of the Trust and for appointment of a Special Fiduciary to administer the affairs of the Trust to prevent Trust

1  assets from being dissipated.¹  (*See id.*, Attach. A at 18–22).  As a result, the Utah Court
2  ordered the removal of the trustees and appointed Defendant Bruce Wisan ("Defendant
3  Wisan") as Special Fiduciary to the Trust.  (*See id.*, Attach. A at 1, 14).  Defendant Wisan's
4  duties include recovering and managing all Trust property.  (*Id.*, Attach. A at 14).  The Trust
5  owns a large amount of real property in Utah and Arizona.

6  In his Amended Complaint² (Doc. # 9) (the "Complaint"), Plaintiff asserts that
7  Defendants confiscated the homes and property of 20,000 to 70,000 people in Utah, Arizona,
8  and Canada in violation of the Takings Clause.  Plaintiff also asserts that the Utah Court does
9  not have jurisdiction over the property located in Arizona and Canada.

## II. DISCUSSION

Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).  Defendants argue that Plaintiff's Complaint should be dismissed because (1) Plaintiff has failed to state a claim upon which relief can be granted;

---

¹ In June 2005, the Arizona Attorney General intervened in the action as an interested party.  (*See* Doc. 22, Attach. A at 10).

² Plaintiff's Amended Complaint (Doc. # 9) and his Second Amended Complaint (Doc. # 23) are substantially similar except that the Second Amended Complaint adds Wisan, Smith, Racker & Prescott, LLP as a Defendant and adds a prayer for damages against Wisan, Smith, Racker & Prescott, LLP.  Plaintiff's Second Amended Complaint was filed without Defendants' consent and without leave of the Court and thus violates Federal Rules of Civil Procedure 15(a)(2).  *See* FED. R. CIV. P. 15(a)(2) ("A party may amend its pleading only with the opposing party's written consent or the court's leave.").  Moreover, in its September 9, 2009 Order, this Court specifically warned Plaintiff that once an amended complaint is filed, the original no longer serves any function and stated "defendants not named in an amended complaint are no longer defendants." (Doc. # 5 at 3).  Despite this warning, Plaintiff failed to include Defendant Wisan, Smith, Racker & Prescott , LLP in his Amended Complaint.  Further, Plaintiff filed the Second Amended Complaint after Defendants filed their Motion to Dismiss.  Nonetheless, for the purpose of deciding this Motion, the Court will construe the pleadings in Plaintiff's favor and will assume that Plaintiff merely intended the Second Amended Complaint as a Notice of Errata intended to correct the error of omitting Defendant Wisan, Smith Racker & Prescott, LLP and will assume that Defendant Wisan, Smith Racker & Prescott, LLP are still a Defendant in this action, but will treat the Amended Complaint (Doc. # 9) as controlling in all other respects.

(2) Plaintiff lacks standing; and (3) Plaintiff's Complaint is a collateral attack on a valid judgment rendered in the Utah Court.

As a technical matter, insofar as Defendants' motion to dismiss requires the Court to look at evidence outside the pleadings, the motion will be construed as a 12(b)(1) motion for lack of subject matter jurisdiction. Defendants have attached exhibits to their motion to dismiss presumably so the Court will take notice of them in deciding whether to dismiss. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); *see U.S. v. LSL Biotechs.*, 379 F.3d 672, 699 (9th Cir. 2004) ("The nature of Rule 12(b)(6) does not allow courts to reach 'matters outside the pleading' without following the summary judgment procedures of Rule 56.") (internal citation omitted). However, "[w]hen a district court rules on a Rule 12(b)(1) motion, unlike a 12(b)(6) motion, it may consider affidavits or other extra-pleading evidence." *LSL Biotechs.*, 379 F.3d at 700 n.14 (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989)). Accordingly, the Court will treat the Motion to Dismiss as a 12(b)(1) motion for lack of subject matter jurisdiction and will consider whether Plaintiff has standing in this proceeding. *See Bruce v. United States*, 759 F.2d 755, 757 (9th Cir. 1985) (stating that "[s]tanding is a threshold jurisdictional question in every federal case.").

**A. Standing**

Defendants argue that Plaintiff does not have standing in this matter because (1) Plaintiff has not alleged that he has experienced any personal injury traceable to any conduct of Defendants; (2) the trust at issue is a charitable trust and, absent any special interest, Plaintiff cannot enforce such a trust; and (3) the Utah Court has already held that Plaintiff lacks standing to challenge the actions of Defendant Wisan as Special Fiduciary to the Trust. In his response to Defendants' motion to dismiss (Doc. # 26), Plaintiff does not address the issue of standing.

      1. Legal Standard

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In resolving the issue of standing, courts are bound by a constitutionally imposed jurisdictional restraint in Article III of the United States Constitution, which limits the "judicial power" of the United States to the resolution of "cases" and "controversies." *See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 470–71 (1982). Courts have viewed the constitutionally imposed restraint found in Article III as requiring that, in order to have standing, the plaintiff must have suffered an "injury in fact." *Valley Forge Christian Coll.*, 454 U.S. at 473. To satisfy Article III's standing requirements, Plaintiff bears the burden of proving that (1) he has suffered "'an injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged act of defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Even if the constitutional requirement of an injury in fact is met, however, a suing party may still lack standing. In addition to the immutable requirements of Article III, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." *Valley Forge Christian Coll.*, 454 U.S. at 474–75. For example, the Plaintiff must assert his or her own rights and interests and cannot base his or her claim for relief upon the legal rights or interests of others. *See Warth*, 422 U.S. at 498; *see also Rasmussen v. City of Lake Forest*, 404 F. Supp. 148, 154 (N.D. Ill. 1975) ("one cannot sue for the deprivation of the civil rights of others"). Federal courts have generally refrained from adjudicating "'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the respective branches." *Valley Forge Christian Coll.*, 454 U.S. at 475, quoting *Warth*, 422 U.S. at 499–500. Additionally,

Plaintiff's complaint must fall within the zone of interest to be protected or regulated by the statutory provision or the constitutional guarantee in question; in other words, Plaintiff must fall within the class of persons the provision in question was designed to protect. *See Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1058–60 (9th Cir. 2004).

    2. <u>Injury in Fact</u>

First, the Court must determine whether Plaintiff has met his burden of establishing that he has suffered an injury in fact. An "injury in fact" is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical. The injury cannot be abstract but "must be both real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal citations omitted).

In his Complaint, Plaintiff first alleges that Defendants "confiscated the homes and property of 20,000 to 70,000 people in Utah, Arizona and Canada" in violation of the Takings Clause. Despite this broad claim, Plaintiff does not specifically state an injury that he has personally sustained, nor does he state a factual basis for this claim. In his Response to Defendant's Motion to Dismiss (Doc. # 26), Plaintiff does allege that "Bruce Wisan and his friends have stolen *our* homes and property,"[3] which implies that he has an interest in some property that was allegedly stolen, but he fails to define specific property that was stolen from him or state a specific injury that he has personally suffered. Plaintiff's abstract assertion that homes and property have been stolen in violation of the U.S. Constitution does not meet the standing requirement of stating a concrete and *particularized* injury. Further, Plaintiff can only assert a claim for injuries that he has personally sustained and does not have standing to allege injuries on behalf of 20,000 to 70,000 unnamed people. *See Warth*, 422 U.S. at 499 (stating that "[a] federal court's jurisdiction . . . can be invoked only when

---

[3] (Doc. # 26 at 1) (emphasis added).

- 5 -

the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action'") (internal citation omitted).

Despite the fact that the Court does not believe that Plaintiff has met his burden of establishing the requisite injury, the Court will nonetheless construe these broad allegations in Plaintiff's favor and assume for the purposes of this Motion only that Plaintiff has demonstrated the requisite injury and therefore will continue with the standing analysis. *See, e.g.*, *Lujan* , 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'") (internal quotation omitted); *see also, Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.") (internal citations omitted).

3. Causation and Redressability

Even if Plaintiff has appropriately stated an injury in fact, Plaintiff has failed to demonstrate the requisite causation and redressability elements of his claim, which are also necessary to establish standing. To establish causation, Plaintiff must demonstrate that the alleged injury is "fairly traceable to the challenged action of the defendant, and [is] not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (internal quotation omitted). Plaintiff asserts that "[c]laiming authority from a state court in Salt Lake City, [Defendants] confiscated the homes and property of people in Canada, Arizona and Utah. We claim the Utah State Court has no jurisdiction over the property in Arizona . . .."[4] (Doc. # 9 at 4). Plaintiff asserts no further facts to support his

---

[4] Throughout his pleadings, Plaintiff continually asserts that the Utah Court does not have jurisdiction over the Trust property. At no time in his pleadings does Plaintiff allege an injury that he has sustained due to the Utah Court's exercise of jurisdiction. Even if Plaintiff stated an injury attributable to the Utah Court's action, however, he has failed to show how the Utah Court's exercise of jurisdiction is even remotely attributable to the

claim that Defendants have stolen his property, and even assuming that Plaintiff has sustained some loss of property, the Court cannot discern from Plaintiff's Complaint how any such injury is fairly traceable to the actions of Defendants. Even looking beyond the Complaint and taking facts as true that Plaintiff has alleged in other pleadings to the Court, the Court still cannot find any injury that is traceable to the Defendants in this action. Plaintiff's entire claim against Defendants appears to be based on the Utah Court's finding that the Trust was being mismanaged and the Utah Court's removal of the Trust's previous trustees. At various times in his pleadings, Plaintiff criticizes the Utah Court system, the judge who presided over the action in Utah court, and the decision of the Utah Court to appoint Bruce Wisan as Special Fiduciary, but at no time does Plaintiff establish that he has sustained an injury that is traceable to Defendants' overall conduct or even to Bruce Wisan's conduct in his capacity as Special Fiduciary to the Trust.

The allegations that the Utah Court acted inappropriately and lacked authority when it removed the previous trustees and appointed Bruce Wisan as Special Fiduciary are not actions that can be properly traced to any conduct by Defendants. In fact, the allegations in Plaintiff's Complaint are more akin to generalized grievances against the actions of the Utah Court than they are to legally cognizable claims against Defendants. Generalized grievances, however, are not sufficient to establish standing. *Lance v. Coffman*, 549 U.S. 437, 439–442 (2007). Accordingly, the Court finds that Plaintiff has failed to establish that he has standing and thus, dismissal is appropriate.[5]

---

actions of the Defendants to this action. Accordingly, Plaintiff lacks standing in this proceeding to challenge the Utah Court's exercise of jurisdiction over the Trust property.

[5] Additionally, and alternatively, Defendants argue that, under both Arizona and Utah state law, Plaintiff lacks standing to sue Defendants with regard to the Trust because the Trust is a charitable trust and potential beneficiaries of charitable trusts lack common law standing to enforce such trusts, absent a special interest. In support of this argument, Defendants point to the Utah Court's July 17, 2009 order (Doc. # 22, Attach. C at 2), which states "[i]t is black letter law that potential beneficiaries of charitable trusts have no right to make claims upon such trusts. Because the UEP Trust is a charitable trust, the only

**B. Failure to State a Claim upon Which Relief Can be Granted and Collateral Attack on a Valid Judgment.**

Defendants also argue that Plaintiff's Complaint should be dismissed because (1) Plaintiff has failed to state a claim upon which relief can be granted and (2) Plaintiff's complaint is a collateral attack on a valid judgment rendered in the Utah Court. Because the Court has found that Plaintiff lacks standing to pursue his claims, the Court need not reach these issues.

Accordingly,

---

individuals with legally cognizable interests are the Utah and Arizona Attorneys General (A.G.s) as representatives of the community, and the Court-designated Special Fiduciary."

The Court agrees that pursuant to Arizona and Utah state law, to the extent Plaintiff is asserting claims against Defendants regarding the administration of the Trust, Plaintiff lacks standing to sue Defendants to enforce the charitable trust. Arizona has created a five-factor balancing test to determine whether a potential beneficiary to a charitable trust has a special interest that would allow that person to have standing to enforce the charitable trust. The five factors are "(1) the nature of the benefitted class and its relationship to the charity; (2) the extraordinary nature of the acts complained of and the remedy sought; (3) the state attorney general's availability or effectiveness to enforce the trust; (4) the presence of fraud or misconduct on the part of the defendants; and (5) subjective and case-specific circumstances." *Robert Schalkenbach Found.v. Lincoln Found., Inc.*, 91 P.3d 1019, 1026 (Ariz. Ct. App. 2004) (internal citation omitted). Special weight is given to the nature of the benefitted class and its relationship to the trust, the nature of the remedy requested and the effectiveness of attorney general enforcement of the trust. *Id.* Very little weight is given to the nature of the acts complained of and allegations of fraud because if "mere allegations of grave misconduct were sufficient to confer standing, the purposes of limiting standing to protect trustees from vexatious litigation would be undermined. Where there are such allegations, . . . the availability of Attorney General enforcement will suffice to remedy any alleged misconduct." *Id.* at n.7.

Applying these factors, the Court finds that Plaintiff does not assert a special interest that would give him standing to pursue such claims against Defendants in their capacity as fiduciaries to the Trust. The type of claims that Plaintiff asserts against Defendants could properly be brought by the Arizona Attorney General, who has intervened in the Utah action, and who is best positioned to protect the interests of potential beneficiaries to the Trust. Accordingly, Arizona and Utah state law support the Court's holding that Plaintiff lacks standing to proceed in this action to the extent he is attacking the administration of the Trust.

**IT IS ORDERED GRANTING** Defendants' Motion to Dismiss Amended Complaint (Doc. # 22) with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Summary Judgment (Doc. # 27), and Plaintiff's Final Petition for Summary Judgment (Doc. # 30), as amended (Doc. # 32), are **DENIED** as moot.

DATED this 22nd day of April, 2010.

James A. Teilborg
United States District Judge